## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| _____ ) | |
| **HOLLIE  LINDSAY & JAMES LINDSAY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **V.** ) | **NO.:** ___CIV-19-966-PRW___ |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Hollie and James Lindsay, by and through its counsel, bring this action

complaining of the Internal Revenue Service and the United States of America ("IRS"),  and

respectfully show:

### NATURE OF ACTION

1,      This suit is brought by Plaintiffs for civil damages, in part, under 26 U.S.C. § 7431 for

unauthorized disclosure of tax returns and tax return information.

2.      Plaintiff brings this action against Defendant United States of America pursuant to 26

U.S.C. § 7431 for the recovery of statutory and/or actual damages caused by Defendant's

negligent and unauthorized disclosure of Plaintiffs' tax returns and tax return information in

violation of 26 U.S.C. § 6103.

### PARTIES

3.      Plaintiffs Hollie and James Lindsay are a married couple and are U.S. citizens living in

Frederick, Oklahoma (hereinafter "Plaintiffs"),

4.    Defendants are the United States of America and the Internal Revenue Service

(hereinafter the "IRS").

5.    Defendant United States of America is a proper defendant pursuant to 26 U.S.C. §§

7431(a)(1) and 1346(e).  Section 7431 authorizes a taxpayer to "bring a civil action for damages

against the United States" in the event of a wrongful disclosure. 26 U.S.C. § 7431(a)(1)

(emphasis added); see also *Mid-South Music Corp. v. Kolak*, 745 F.2d 23, 25 (6th Cir. 1984)

("[U]nder 26 U.S.C. § 7431(a)(1) the only proper defendant to such a suit is the United States.")

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 26 U.S.C. § 7431(a) and 28 U.S.C. § 1331 (federal

question).

7.    Venue is appropriate in this district under 26 U.S.C. § 7428(a). Venue is also appropriate

under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise

to the claims occurred in this district.

## FACTS

8.    On or around March 31, 2018, Plaintiffs received five income tax returns from the

IRS, none of which belonged to Mr. or Mrs. Lindsay.

9.    Surprisingly, the Lindsays' own tax return was not among the five returns they

received from the IRS.

10.    On April 5, 2018, after contacting the IRS regarding this error, Plaintiffs were advised

by a representative of the IRS that the Lindsays' tax return had been negligently sent

somewhere in a five-state region and that the Lindsays would need to freeze all of their credit

accounts.

11.    On April 6, 2018, Plaintiffs returned the five other tax returns they had received to

their local IRS office in Lawton, OK.

12.     During the course of this visit, Plaintiffs were advised to file identity theft affidavits (Form 14039) with the IRS.

13.     The IRS, in turn, froze Plaintiffs' Social Security numbers for five years.

14.     Due to the negligent actions of IRS agents, Plaintiffs have suffered from and will continue to suffer from economic damages for the foreseeable future.

15.     Due to the freeze on Plaintiffs' credit, they were unable to proceed with the planned purchase of a home in Oklahoma due to the inability to secure a home loan at a value of $40,000.

16.     Plaintiffs have since been forced to seek alternate accommodations and have lost the opportunity to own equity in a home rather than pay rent, secure a low interest rate (rates have since risen) and have lost or at minimum been delayed in home and land ownership and the benefits and advantages associated with it to include tax deductions, write-offs and increased values of properties in the area.

17.     The Lindsays have resorted to living in their local church parsonage, where they may only stay until a new pastor is found, at which point they will have to search for a new home.

18.     In July, 2018, Plaintiffs had their gas shut off due an unidentified individual using Mrs. Linsday's identity to open up four separate gas accounts and generating thousands of dollars in debt.

19.     Due to the freeze on his credit, Mr. Lindsay was unable to follow through with the purchase of a new pickup truck valued at approximately $25,000, which he required for his work as a carpenter to haul materials between jobs.

20.     Because he was unable to purchase the truck, Mr. Lindsay now has to pay for material

transportation, reducing his income from each job.

21.     Due to the freeze on her credit, Mrs. Lindsay was unable to apply for student loans to complete her master's degree, valued at approximately $26,000.

22.     Because of this inability to secure a loan, Plaintiff Lindsay was unable to complete her master's program, causing a future wage loss of no less than $57,120.00 over two years due to the inability to practice as a Licensed Professional Counselor.

23.     Due to the freeze, Plaintiffs were unable to file taxes in Oklahoma.

24.     The Plaintiffs were told that a code would be required in order to file their taxes, but the code would not be sent until the last week in December.

25.     This has prevented them from receiving their 2017 Tax refund, which would have been around $500, and will possibly cause them to incur late fees from the IRS for not filing on time.

26.     Finally, due to the IRS' negligent actions, Plaintiffs have become victims of identity theft.

27.     On March 24, 2018, the Lindsays received a credit card denial letter in the mail, notifying them a stranger had attempted to use Mr. Lindsay's Social Security number to open up a Zales credit card.

28.     Due to the IRS' negligent actions, Plaintiffs have been significantly harmed.

29.     Due to freeze on credit and social security numbers Plaintiffs were and are unable to do anything that requires credit.

**CAUSES OF ACTION**
**COUNT I (Unauthorized Disclosure/Inspection 26 U.S.C. § 7431)**

30.     Plaintiffs reassert the averments of paragraphs 1-29 as though fully set forth herein.

31.     Section 6103 proscribes the disclosure of any tax or tax return information by any

United States officer or other person with access to tax returns obtained by him in any

manner in the course of his or her employment, "or otherwise or under the provisions of

[Section 6103]." 26 U.S.C. § 6103(a). A taxpayer may bring a civil action for damages

arising from the prohibited disclosure of his tax information in violation of Section 6103. *See*

*id.* § 7431.

32.     Defendant admittingly has negligently disclosed Plaintiffs' tax returns and tax return

information in violation of 26 U.S.C. § 7431 it was an unauthorized disclosure.

33.     Section 7431 provides that, upon a wrongful disclosure, a defendant is liable for

damages in the amount of the greater of either (1) $1,000 for each unauthorized disclosure, or

(2) "actual damages sustained by the plaintiff as a result of such unauthorized . . . disclosure,

plus . . . in the case of a willful . . . disclosure or a[] . . .  disclosure which is the result of

gross negligence, punitive damages." Id. § 7431(c)(1).

34,     Plaintiffs seek to have Defendant disclose all wrongful disclosures by Defendant and

the circumstances of each as Defendant is in sole custody and control of such information

and Plaintiffs have no other means of obtaining such information.

35     The one or more unauthorized disclosures have proximately caused Plaintiffs

significant actual, economic and special damages for which they bring suit.

36.     Any dissemination of Plaintiffs' confidential tax information was not affected

pursuant to an appropriate grant of authority under 26 U.S.C. § 6103.

37.     Thus, Defendants are liable for greater of statutory or actual damages under § 7431.

38.     Defendant is further liable to Plaintiff, due to its actions amounting to gross

negligence, for punitive damages." Id. § 7431(c)(1).

39.     26 U.S.C. § 7431 also allows recovery of reasonable attorney's fees for which suit is

brought and should Plaintiffs prevail.

## DAMAGES

40.      As a direct and/or proximate result of Defendant's wrongful conduct, Plaintiffs have suffered actual damages.

41.      Plaintiffs seek actual to include economic and non-economic damages to the full extent allowed by law as established in 26 U.S.C. § 7431 to include: a) statutory penalties and interest; b) invasion of privacy; c) damage to credit rating and inability to utilize credit score; d) loss credit reputation; e) loss financial and economic opportunities; f) actual damages suffered to business associated with loss credit rating; g) attorney's fees; h) court costs; i) inability to file state and or federal tax returns; j) business interference and loss reputation; k) personal affairs disruption and loss of reputation; l) mental anguish; and m) costs associated with repairing credit rating and information.

41.B    The wrongful disclosure of the personal and private information of the Plaintiffs has further caused much anxiety, grief and mental anguish as it is not known and in all probability will never fully be known, who and how many criminals and others with ill intent, has Plaintiffs confidential information and where will Plaintiffs information be disseminated in the foreseeable future.

42.      Plaintiffs seek recovery of the full court costs and reasonable attorney's fees in pursuing this action and as contemplated under 26 U.S.C. § 7431.

43.      Plaintiffs see exemplary damages as a result of Defendant's gross negligence in the unauthorized disclosures.

## PRAYER

WHEREFORE, Plaintiffs respectfully pray that upon a final trial on the merits, that they recover actual and statutory damages, reasonable attorney's fees, court costs, attorney's fees and such other and further relief as may be just and proper.

Respectfully submitted,

**MATHIAS RAPHAEL PLLC**
13601 Preston Road, Suite W217
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Damon@mrlaw.co
mrlaw.co

BY:   _/s/ Damon Mathias_
        Damon Mathias
        State Bar No. 24080170

**ATTORNEY FOR PLAINTIFF**