# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOLLIE LINDSAY & JAMES LINDSAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

Case No. CIV-19-966-PRW

## ORDER

Defendant United States of America filed a motion to dismiss (Dkt. 15) arguing that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint fails to state a claim upon which relief can be granted. For the reasons outlined below, the motion is denied.

### *Standard of Review*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[1] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210,( 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

1

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] The pleaded facts must establish that the claim is plausible.[3]

## *Analysis*

Plaintiffs seek damages against the United States for the unauthorized disclosure of their tax return and tax information. 26 U.S.C. § 6103 mandates that "no officer or employee of the United States . . . shall disclose any return[4] or return information[5] obtained by him in any manner in connection with this service as such an officer or an employee or otherwise . . . ." If this occurs, 26 U.S.C. § 7431 authorizes a taxpayer to bring a civil suit against the United States for such an unauthorized disclosure of a return or return information. To state a claim under § 7431, a taxpayer must allege sufficient facts to show: "(1) the disclosure was unauthorized; (2) the disclosure was made 'knowingly or by reason of negligence'; and (3) the disclosure violated § 6103."[6]

The United States argues the complaint fails to state a claim for damages pursuant to § 7431 because it "fails to specify who from the IRS allegedly sent the Plaintiffs' returns,

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[3] *Id.*

[4] A "return" includes "any tax or information return, declaration of estimated tax, or claim for refund . . . ." 26 U.S.C. § 6103(b)(1).

[55] "Return information" includes "the taxpayer's identity, nature, source or amount of his income, payments, receipts, deductions, . . . [and] tax liability . . . ." 26 U.S.C. § 6103(b)(2).

[6] *15 Corps., Inc. v. Denver Prosecutor's Office*, No. 13-CV-0251-WJM-MJW, 2013 WL 5781161, at *6 (D. Colo. Oct. 25, 2013) (internal citation omitted); *see Fostvedt v. U.S., I.R.S.*, 824 F. Supp. 978, 983 (D. Colo. 1993), *aff'd sub nom. Fostvedt v. United States*, 16 F.3d 416 (10th Cir. 1994).

to whom the returns were sent, the specific information the IRS purportedly disclosed, or the dates and circumstances surrounding the alleged disclosures."[7] Plaintiffs disagree with this assessment and assert that the United States "should not reap the benefit of its own negligence, *i.e.*, that it could not even track where it had mistakenly sent the Lindsays' final return with any specificity."[8]

Viewing all the allegations in the complaint as true and in the light most favorable to Plaintiffs, the Court finds that the motion to dismiss should be denied. The allegations first demonstrate that the IRS disclosed Plaintiffs' tax return information and that the disclosure was unauthorized. "Disclosure" means "the making known to any person in any manner whatever a return or return information."[9] The complaint asserts that an IRS representative advised Plaintiffs that their tax return was not sent to them, but instead sent somewhere in a five-state region.[10] It also asserts that as a result of the actions of the IRS, Plaintiffs are victims of identity theft, and someone even tried to use Mr. Lindsay's social security number to open a credit card account.[11] Taken as true and viewed in the light most favorable to Plaintiffs, these allegations demonstrate that the IRS disclosed Plaintiffs' return information—it sent Plaintiffs' return to the improper address and later Plaintiffs' personal information was used by a stranger, which may have been provided by the IRS.

---

[7] U.S.'s Mot. to Dismiss Compl. with Memo. of Law in Supp. Thereof (Dkt. 15) at 7.
[8] Resp. to Def. U.S.A.'s Mot. to Dismiss Compl. (Dkt. 16) at 6.
[9] 26 U.S.C. § 6103(b)(8).
[10] Compl. (Dkt. 1) at 2.
[11] *Id.* at 4.

The complaint also sufficiently alleges that the disclosure was unauthorized, as Plaintiffs characterize the disclosure as negligent and do not indicate that they consented to the disclosure, or that the disclosure was used in a proceeding authorized by statute.[12]

Second, the complaint sufficiently alleges that the disclosure was made by reason of negligence.[13] Although Plaintiffs' assertion that their "tax return had been negligently sent" is a legal conclusion, this element is sufficiently plead because the complaint also states that Plaintiffs' tax return was not sent to them (the proper place for one's own tax return to be sent) and instead was sent somewhere else; viewed in the light most favorable to Plaintiffs, this demonstrates negligent disclosure of Plaintiffs' tax return.

Third and finally, the complaint sufficiently alleges that the disclosure violated § 6103—that Plaintiffs' tax return was disclosed to someone other than Plaintiffs by the IRS and this disclosure was not authorized.

As the United States points out, the complaint does not explicitly state who at the IRS sent Plaintiffs' return or to whom it was sent. But according to the complaint, it will not share this information with Plaintiffs, even though it knows where the tax return was sent and likely knows who sent it. The United States has enough information here to formulate a defense and gather evidence to rebut Plaintiffs' claims—it knows the relevant document is Plaintiffs' 2017 income tax return, that the IRS allegedly sent this return to someone other than Plaintiffs, and that this allegedly occurred prior to April 5, 2018. It

---

[12] *Id*. at 3.

[13] *Id*. at 2.

cannot claim insufficiency of pleadings when missing information is caused by its own silence. Moreover, as explained above, the complaint contains enough information to state a claim upon which relief can be granted. Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED this 30th day of June, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE