**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

HOLLIE LINDSAY and JAMES LINDSAY, )
Plaintiffs, )
vs. ) Case No. CIV-19-00966-PRW
UNITED STATES OF AMERICA, )
Defendant. )

**ORDER**

Before the Court are four motions: Plaintiffs' "Motion to Compel Discovery" (Dkt. 30); Defendant's "Motion to Strike Plaintiffs' Expert Witness List and Brief in Support" (Dkt. 34); Plaintiffs' "Rule 56(d) Motion for Discovery and Continuance of Summary Judgment" (Dkt. 36); and Defendant's "Motion for Clarification of Pre-Trial and Trial Deadlines, Leave to Appear Telephonically at Calendar Call and to Set Trial for a Date Certain" (Dkt. 45). The Court addresses these motions seriatim and, for the reasons set forth below, **DENIES** Plaintiffs' "Motion to Compel Discovery" (Dkt. 30); **GRANTS** Defendant's "Motion to Strike Plaintiffs' Expert Witness List and Brief in Support" (Dkt. 34); **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Rule 56(d) Motion for Discovery and Continuance of Summary Judgment" (Dkt. 36); and **GRANTS IN PART AND DENIES IN PART** Defendant's "Motion for Clarification of Pre-Trial and Trial Deadlines, Leave to Appear Telephonically at Calendar Call and to Set Trial for a Date Certain" (Dkt. 45).

## *Background*

In March of 2018, the Internal Revenue Service (the "IRS") mistakenly sent Plaintiffs, Hollie and James Lindsay, the income tax returns of five other taxpayers. The Lindsays allege that on April 5, 2018, they contacted the IRS about the mix-up and were told that their own tax return had also been mistakenly sent somewhere in a five-state region. The next day, the Lindsays visited their local IRS office in Lawton, Oklahoma, to return the other taxpayers' returns (but not before making copies of the highly sensitive documents for themselves). While there, the Lindsays continue, they were instructed to and did file identity theft affidavits with the IRS, triggering a freeze of their social security numbers for five years.

On October 23, 2019, the Lindsays sued Defendant, the United States of America, (the "Government") in this Court pursuant to 26 U.S.C. § 7431 for the unauthorized disclosure of their tax returns and tax return information.

## *Discussion*

### I. Plaintiffs' "Motion to Compel Discovery" (Dkt. 30)

Now, Plaintiffs ask the Court to compel the Government to produce information relating to the accidental release of the income tax returns of the five other taxpayers. While the Government concedes that "the general procedures surrounding receipt of state tax documents, how such documents would be stamped, and what would be done with such documents" are fair game,[1] it argues that it "cannot give specific information about what it

[1] Def.'s Letter (Dkt. 35, Ex. 2) at 3.

did or did not do with respect to third-parties' tax returns or return information" because the disclosure of such information is prohibited by statute.[2] The Court agrees with the Government.

Section 6103, in relevant part, prohibits an officer or employee of the United States from disclosing "any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section."[3] The terms "return" and "return information" are broadly defined,[4] and there is no dispute that the information sought falls within these broad definitions.

Instead, Plaintiffs argue that this information comes within one of the exceptions to the prohibition on disclosure, namely that found in 26 U.S.C. § 6103(h)(4)(B). Under 26 U.S.C. § 6103(h)(4)(B), "[a] return or return information may be disclosed in a Federal . . . judicial . . . proceeding pertaining to tax administration, but only . . . if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding."[5]

---

[2] Def.'s Resp. to Pls.' Mot. to Compel (Dkt. 35) at 3; *see also* Def.'s Letter (Dkt. 35, Ex. 2) at 3 ("The IRS cannot testify about or even acknowledge the receipt of any documents from the named individuals, which constitutes third-party return information prohibited from disclosure by Section 6103.").

[3] 26 U.S.C. § 6103(a)(1).

[4] *See* 26 U.S.C. § 6103(b)(1) & (2).

[5] 26 U.S.C. § 6103(h)(4)(B) (emphasis added).

The Court concludes that this exception is inapplicable, however. The issues in this case are whether Plaintiffs' return or return information was disclosed and, if there was such a disclosure, whether that disclosure was unauthorized, made knowingly or by reason of negligence, and in violation of 26 U.S.C. § 6103.[6] The information sought—relating to the disclosure of the income tax returns of *other taxpayers*—would not directly resolve any of these questions. Because the information sought is not "directly related to the resolution of an issue in this proceeding," 26 U.S.C. § 6103(h)(4)(B) is inapplicable. As such, the Court **DENIES** Plaintiffs' "Motion to Compel Discovery" (Dkt. 30).[7]

II. Defendant's "Motion to Strike Plaintiffs' Expert Witness List and Brief in Support" (Dkt. 34)

Plaintiffs filed an expert witness list identifying Damon Mathias, an attorney for Plaintiffs,[8] as an expert witness that "will testify on the matter of attorney's fees incurred in this case to the extent they are recoverable under 26 U.S.C. § 7431."[9] The Government asks the Court to strike that list, arguing that attorney's fees are not an element of damages to be proven at trial and that, at any rate, Mr. Mathias would be only a fact witness, not an

---

[6] *15 Corps., Inc. v. Denver Prosecutor's Office*, 2013 WL 5781161, at *6 (D. Colo. Oct. 25, 2013) (internal citation omitted); *see Fostvedt v. U.S., I.R.S.*, 824 F. Supp. 978, 983 (D. Colo. 1993), *aff'd sub nom. Fostvedt v. United States*, 16 F.3d 416 (10th Cir. 1994).

[7] Because the Court denies the requested discovery, it declines to award Plaintiffs attorney's fees. If the Government wishes to move for attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), however, the Court will entertain its request at that time.

[8] Mr. Mathias is the only person on the expert witness list and his prospective testimony is limited solely to the matter of attorney's fees—the disputed subject.

[9] Pls.' Disclosure of Expert Witnesses Pursuant to Federal Rule of Civil Procedure 26(a)(2) (Dkt. 29) at 1.

expert. Plaintiffs respond that it made its expert witness disclosure "out of an abundance of caution" and contends that an attorney's testimony as to attorney's fees is, indeed, expert witness testimony. The Court agrees with the Government's first argument and therefore does not reach the second.

Attorney's fees are not an element of the substantive claim in this case.[10] If Plaintiffs wish to pursue attorney's fees, they should do so by separate motion[11] if and when they prevail on their underlying claim.[12] As such, the Court **GRANTS** Defendant's "Motion to Strike Plaintiffs' Expert Witness List and Brief in Support" (Dkt. 34) and **STRIKES** Plaintiffs' "Disclosure of Expert Witnesses Pursuant to Federal Rule of Civil Procedure 26(a)(2)" (Dkt. 29).

## III. Plaintiffs' "Rule 56(d) Motion for Discovery and Continuance of Summary Judgment" (Dkt. 36)

After the Government filed its "Motion for Summary Judgment and Brief in Support" (Dkt. 26), Plaintiffs filed their "Rule 56(d) Motion for Discovery and

---

[10] *See* 26 U.S.C. § 7431(a)(1) ("If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.").

[11] *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").

[12] *See* 26 U.S.C. § 7431(c)(3); 26 U.S.C. § 7430(c)(4)(A)(ii); 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.").

Continuance of Summary Judgment" (Dkt. 36), asking for relief ranging from denial of the Government's summary judgment motion to an extension of time to respond to it.

In light of the Court's decision on Plaintiffs' "Motion to Compel Discovery" (Dkt. 30), Plaintiffs' expressed desire to conduct a Rule 30(b)(6) deposition,[13] and the Government's expressed willingness to designate a witness for such a Rule 30(b)(6) deposition,[14] the Court grants relief as follows:

(1) The Court **EXTENDS DISCOVERY** through August 1, 2021, for the limited purpose of affording Plaintiffs an opportunity to notice and conduct a Rule 30(b)(6) deposition in strict accordance with the Court's decision on their "Motion to Compel Discovery" (Dkt. 30);

(2) The Court **DENIES WITHOUT PREJUDICE** the Government's "Motion for Summary Judgment and Brief in Support" (Dkt. 26) so that it may raise any new arguments or include any new information resulting from the Rule 30(b)(6) deposition;[15] and

(3) The Court **RESETS** the pre-trial and trial deadlines as follows:

a. Discovery to be completed by 08-01-2021 (as discussed above).

b. *Daubert* motions to be filed by 08-01-2021.

c. All dispositive motions to be filed by 08-01-2021.

d. Trial Docket: September 2021.

---

[13] *See* Def.'s Letter (Dkt. 35, Ex. 2) at 2–5.

[14] *See id.* at 3–5.

[15] The Government is not limited to revisions relating to any Rule 30(b)(6); it may make any changes it sees fit.

e. Designation of deposition testimony to be used at trial to be filed by 08-26-2021. Objections and counter designations to be filed by 09-02-2021. Objections to counter-designations to be filed within seven (7) days thereafter.

f. Motions in limine to be filed by 08-26-2021. [Note: No replies to motions in limine shall be filed without leave of Court.]

g. Requested voir dire to be filed by 08-26-2021.

h. Trial briefs (optional unless otherwise ordered) to be filed by 08-26-2021.

i. Requested jury instructions to be filed on or before 08-26-2021.***

j. Proposed findings and conclusions of law to be filed no later than 08-26-2021.***

*** In addition to filing, the parties ARE REQUIRED to submit their proposed jury instructions or in non-jury cases the proposed findings and conclusions of law in Word format to the judge via the Court's designated mailbox: wyrick-orders@okwd.uscourts.gov.

k. Any objections or responses to the trial submissions referenced in ¶¶ e, f, g, h, or i to be filed within seven (7) days thereafter.

l. The Final Pretrial Report, approved by all counsel, and in full compliance with Local Rules (see Appendix IV), together with a proposed order approving the report, to be filed by 08-26-2021.

IV. Defendant's "Motion for Clarification of Pre-Trial and Trial Deadlines, Leave to Appear Telephonically at Calendar Call and to Set Trial for a Date Certain" (Dkt. 45)

With respect to Defendant's "Motion for Clarification of Pre-Trial and Trial Deadlines, Leave to Appear Telephonically at Calendar Call and to Set Trial for a Date Certain" (Dkt. 45), the Court orders as follows:

(1) The Court **RESETS** the pre-trial and trial deadlines as set forth in Section III of this order;

(2) The Court **GRANTS** the Government's request for Defense Counsel to appear telephonically at the docket call; and

(3) The Court **DENIES** the Government's request to permit Carie Mellies to testify by remote means.

***Conclusion***

For the reasons set forth and as detailed more fully above, the Court **DENIES** Plaintiffs' "Motion to Compel Discovery" (Dkt. 30); **GRANTS** Defendant's "Motion to Strike Plaintiffs' Expert Witness List and Brief in Support" (Dkt. 34); **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Rule 56(d) Motion for Discovery and Continuance of Summary Judgment" (Dkt. 36); and **GRANTS IN PART AND DENIES IN PART** Defendant's "Motion for Clarification of Pre-Trial and Trial Deadlines, Leave to Appear Telephonically at Calendar Call and to Set Trial for a Date Certain" (Dkt. 45).

**IT IS SO ORDERED** this 2nd day of July 2021.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE